# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOHNATHAN GERALDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-00794-CV-RK |
| | ) |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.

### Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966). The Court does not "re-weigh the evidence presented to the ALJ."

*Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine status-post fusion; fibromyalgia, vertigo/balance disorder; obesity; depression, anxiety; somatic disorder; and post-traumatic stress disorder ("PTSD"). The ALJ also determined that Plaintiff has the following non-severe impairments: history of lymphoma; degenerative disc disease of the lumbar and thoracic spine; neuropathy of lower extremities; asthma; vitamin B12 deficiency; headaches; vision disturbance including exophoria; L'hermitte's sign positive; rectal bleeding; and adenopathys of the neck. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations:

> he can lift and carry up to twenty pounds occasionally and lift or carry up to ten pounds frequently; stand and/or walk for six hours out of an eight-house workday; and sit for six hours out of an eight-hour workday. The claimant should never climb ladders, ropes and scaffolds; and can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. The claimant should never work at unprotected heights, with vibration. The claimant is able to understand, remember, and carry out simple, routine and repetitive tasks in a work environment with no fast-paced production requirements involving only simple work-related instructions and decisions, and with only occasional judgment and work place changes. The claimant can occasionally respond to and have interaction with supervisors, coworkers and the general public.

(Doc. 5-3 at 22.) The ALJ further found that Plaintiff is capable of performing past relevant work as an embroidery machine operator. Alternatively, the ALJ determined that Plaintiff can perform other jobs that exist in significant numbers in the national economy considering Plaintiff's age, education, work experience, and RFC. Consequently, the ALJ found that Plaintiff was not disabled as defined in the Act. On appeal, Plaintiff raises several arguments for why the ALJ's RFC is not supported by substantial evidence, which the Court will address in turn.

## I. The ALJ's duty to fully and fairly develop the record

Plaintiff argues that the ALJ did not fulfill his duty to develop the record fully and fairly. Specifically, Plaintiff maintains there is no medical evidence supporting the ALJ's RFC for light work with some postural and environmental limitations. Plaintiff concedes there are medical opinions in the record as to his functional limitations but maintains that none of the opinions contain a function-by-function assessment. (Doc. 11 at 28, n. 2.) Plaintiff asserts that the ALJ should have ordered a consultative examination as to Plaintiff's functional limitations stemming from his physical and mental impairments.

"[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013) (quoting *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994)). While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required to seek additional clarifying medical evidence unless a crucial issue is undeveloped. *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005).

The Court does not find that the medical record was insufficient to provide a basis for the ALJ's RFC. The record included both objective medical evidence and medical opinion evidence from which the ALJ supported his RFC assessment. *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) ("medical records prepared by the most relevant treating physicians [can] provide affirmative medical evidence supporting the ALJ's [RFC] findings."). The ALJ was not required to rely entirely on any particular physician's opinion in assessing the RFC. *Julin v. Colvin*, 826 F.3d 1082, 1089 (8th Cir. 2016). Rather, the ALJ properly determined Plaintiff's RFC based on his consideration of the evidence in the record as a whole. *See* 20 C.F.R. § 404.1545(a)(3) (RFC is assessed "based on all of the relevant medical and other evidence" of record). In particular, the ALJ considered Plaintiff's subjective statements but found the objective medical evidence and the medical opinion evidence did not support his allegations of disability. *See Hamilton v. Astrue*, 518 F.3d 607, 613 (8th Cir. 2008) (ALJ's credibility determination was proper where he noted, among other things, that plaintiff's testimony was inconsistent with the evidence of record). The Court is therefore not persuaded by Plaintiff's argument that the ALJ failed to fulfill his duty to develop the record fully and fairly.

**II.     Compliance with SSR 06-3p (consideration of Syndey Henke's opinion as an "other source")**

Plaintiff maintains the ALJ erred in summarily rejecting the opinion rendered by NP-C Sydney Henke on the basis that she was not an acceptable medical source. In particular, Plaintiff argues that even though Ms. Henke was not an acceptable medical source, the ALJ failed to weigh Ms. Henke's opinion using the same factors as those for acceptable medical sources as required by SSR 06-3p. Ms. Henke opined in March 2015, among other things, that Plaintiff could work when he is not having an acute attack, depending on the conditions; that Plaintiff's episodes are intermittent, after which Plaintiff gets very tired; and that Plaintiff is unable to predict when spells will occur. (Tr. 142.) The ALJ gave Ms. Henke's opinion partial weight because it was consistent with Plaintiff's subjective report of symptoms but not based on any laboratory findings or diagnosis. Based on these findings, the ALJ demonstrated that he considered factors relevant to weighing acceptable source opinions, including the supportability and consistency of the opinion. 20 C.F.R. §§ 404.1527 and 416.927. The Court is therefore not persuaded by Plaintiff's argument that the ALJ erred in weighing Ms. Henke's opinion.

**III.    Compliance with SSR 02-1p (consideration of Plaintiff's obesity)**

Plaintiff argues the ALJ's determination of his RFC was in error because the ALJ failed to properly consider Plaintiff's obesity in accordance with SSR 02-1p. The Court agrees. SSR 02-1p discusses guidelines for evaluating obesity. "As with any other impairment, we will explain how we reached our conclusions on whether obesity caused any physical or mental limitations." SSR 02-1p, paragraph 8. "The combined effects of obesity with other impairments may be greater than might be expected without obesity." *Id.*

Here, at step two of the sequential evaluation process, the ALJ found that Plaintiff's obesity is a severe impairment. The ALJ stated that "[s]ince [Plaintiff's] obesity could relate to his alleged joint pain and back pain, it has impacted his overall health and significantly affects his ability to work, but not at listing level." (Doc. 5-3 at 20; Tr. 19.) In assessing Plaintiff's RFC, however, the ALJ simply noted Plaintiff's body mass index, that his doctor counseled him regarding diet and weight monitoring, and that his physical exams were normal with the exception of one acute case of bronchitis. (*Id.* at 25; Tr. 24.) Without further explanation of the effect of Plaintiff's obesity on his ability to perform sustained work activities, the Court is unable to determine if the ALJ considered the impact of Plaintiff's severe impairment of obesity on his physical or mental

4

limitations, either by itself, or in combination with Plaintiff's other impairments. *See Dorch v. Colvin*, 2013 U.S. Dist. LEXIS 14006, at *5-6 (W.D. Mo. 2009) (remanding where the ALJ failed to discuss what effect Plaintiff's obesity had on her work abilities). The Court will therefore remand this case for further consideration and/or clarification on the effect of Plaintiff's obesity. The Court declines to consider Plaintiff's remaining arguments[1] which, per SSR 02-1p, must be considered in conjunction with the impact of his obesity. *See Dameron v. Astrue*, 2009 U.S. Dist. LEXIS 56213, at *5-7 (W.D. Mo. July 1, 2009) (remanding for consideration of severe impairment of obesity in assessing RFC and declining to address Plaintiff's remaining arguments).

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, it is therefore **ORDERED** that pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings. On remand, the ALJ will clarify, or in the alternative, reconsider Plaintiff's obesity. Specifically, in accordance with SSR 02-1p, the ALJ should (1) explain how he reached his conclusions on whether obesity caused any physical or mental limitations; (2) discuss to what extent, if any, Plaintiff's obesity increases the severity of each of Plaintiff's relevant severe and non-severe impairments; and (3) if necessary, reconsider any findings that are logically affected by the effects of Plaintiff's obesity.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: March 12, 2020

---

[1] Plaintiff also argues that the ALJ erred in his consideration of Plaintiff's intermittent vertigo, non-severe impairments, somatoform disorder, and hearing loss.